# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KELLY M. HOWARD, on behalf of minor JB, | Case No.: 2:10-cv-01467-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Temporary Restraining Order–#1; Motion for Order Shortening Time for Hearing–#4) |
| CLARK COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada, | |
| Defendant. | |

  Before the Court is Plaintiff Kelly M. Howard's, on behalf of minor JB, **Emergency Motion for Temporary Restraining Order** ("TRO") (#1) and **Motion for Order Shortening Time for Hearing** (#4), both filed August 30, 2010. Howard filed these motions *ex parte*.

  Plaintiff asks the Court to issue a TRO to prevent the Clark County School District from requiring her son to register and attend classes at the Peterson Behavior Junior/Senior High School. In order to obtain a temporary restraining order or a preliminary injunction, plaintiffs must establish that: (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor,

1

AO 72
(Rev. 8/82)

and (4) an injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)).

Plaintiff's counsel has yet to file a complaint in this case. The Federal Rules of Civil Procedure state, "[a]n action is commenced in federal court by the filing with the court of a complaint." Fed. R. Civ. P. 3. When no complaint is filed, a district court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief. *E.g., Powell v. Rios*, 241 Fed. Appx. 500, 505 n.4 (10th Cir. 2007) (stating that "*only* a properly-filed 'complaint' can commence a civil action") (emphasis in original) (citing Fed. R. Civ. P. 3); *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"); *Stewart v. United States I.N.S.*, 762 F.2d 193, 199 (3rd Cir. 1985) (finding that plaintiffs may obtain injunctive relief only after an action has been commenced). As a practical matter, the Court cannot analyze Plaintiff's likelihood of success on the merits without a complaint—even though the motion and Plaintiff's affidavit describe the alleged racially discriminatory actions. Accordingly, the Court must deny Plaintiff's TRO motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (#1) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order Shortening Time for Hearing (#4) is DENIED as moot.

Dated: September 2, 2010.

_____
ROGER L. HUNT
Chief United States District Judge